Lester **ROBERTSON, Jr.**, Petitioner,

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

Civ. A. No. 70-C-59-D.

United States District Court,
W. D. Virginia,
Danville Division.

Oct. 2, 1970.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This cause is before the court on a petition for a writ of habeas corpus filed *in forma pauperis*. The sole allegation is a question of law and does not require an answer.

Petitioner was convicted in the Circuit Court of Pittsylvania County for the rape of two little girls, aged 9 and 11. He contends that the convictions are constitutionally defective due to the admission of reports of the Chief Medical Examiner's Office indicating presence of seminal fluid in vaginal swabs taken from each girl. The admission of these reports is alleged to violate the petitioner's right to confrontation of the witnesses against him.

This contention was fully considered on appeal by the Supreme Court of Appeals of Virginia and rejected. Robertson v. Commonwealth, 211 Va. 62, 175 S.E.2d 260 (1970). Therefore the petitioner has exhausted his state remedies. 28 U.S.C. § 2254.

In its opinion the Supreme Court of Appeals of Virginia construed Va. Code Ann. § 19.1-45 (Repl.Vol.1960) as permitting the introduction of such a medical report since it did not express an opinion but only stated a positive chemical finding. The United States Court of Appeals for the Fourth Circuit has held that the Constitutional right of confrontation is not violated when the report of a state chemist is admitted into evidence. Kay v. United States, 255 F.2d 476 (4th Cir.), cert. denied, 358 U.S. 825, 79 S.Ct. 42, 3 L.Ed.2d 65 (1958). No good reason appears why a different decision should be reached in this case.

Therefore, the petition for a writ of habeas corpus is dismissed and relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof he may do so by filing within 30 days a notice of appeal with the clerk of *this* court. Failure to file a notice of appeal within 30 days may result in a denial of the right of appeal. The notice shall state the following:

1) the judgment, order or part thereof appealed from;

2) the party or parties taking the appeal; and

3) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.